UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOTAL WIRELINE SERVICES, INC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-672-WBV-DPC** |
| **LORRAINE G MV, ET AL.** | **SECTION: D (2)** |

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration Regarding Maritime Warrant of Arrest, filed by Total Wireline Services ("TWS").[1]

After careful consideration of TWS' memorandum and the applicable law, the Motion is **GRANTED.**

### I.  LEGAL STANDARD

"The general practice of courts in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."[2]  "A motion to alter or amend a judgment filed pursuant to Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"[3]  A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).[4]  "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant

---

[1] R. Doc. 12.
[2] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (citing authority).
[3] *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).
[4] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." [5]  The Court is mindful that, "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[6]

## II. ANALYSIS

In the instant Motion, TWS fails to mention Fed. R. Civ. P. 59(e) or address the four criteria considered by this Court in evaluating motions for reconsideration.[7] Instead, TWS concedes that the Court "accurately ruled that Total Wireline Services did not plead that Total Wireline Services' provision of necessaries to the M/V LORRAINE G was performed with the consent of the owner of the M/V LORRAINE G."[8] The Court reached this conclusion based upon the allegations in the Verified Complaint, *In Rem*, wherein TWS alleged that its maritime lien arose under 46 U.S.C. § 31342 for providing necessaries to another vessel.[9] Nonetheless, TWS asks this Court to reconsider its March 16, 2022 Order denying TWS' Motion For Issuance of Maritime Warrant of Arrest[10] because TWS has a maritime lien on two other bases – that TWS was subject to a maritime tort caused by the M/V LORRAINE G and that

---

[5] *Namer*, 314 F.R.D. at 395 (quoting *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted); *See*, *Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority).
[6] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[7] *See, generally*, R. Doc. 12.
[8] *Id.* at p. 1.
[9] R. Doc. 6.
[10] *See*, R. Docs. 2 & 6.

TWS salvaged the M/V LORRAINE G.[11]  In light of the jurisprudence cited by TWS in the instant Motion,[12] and finding that granting the instant Motion is necessary to prevent manifest injustice, the Court grants TWS' Motion for Reconsideration and vacates its March 16, 2022 Order denying TWS' Motion For Issuance of Maritime Warrant of Arrest.

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that TWS' Motion for Reconsideration Regarding Maritime Warrant of Arrest[13] is **GRANTED** and the Court's March 16, 2022 Order[14] is **VACATED.**

**IT IS FURTHER ORDERED** that TWS' Motion For Issuance of Maritime Warrant of Arrest[15] is **GRANTED.**

**IT IS FURTHER ORDERED** that having reviewed the Verified Complaint, *In Rem* and the Verification attached thereto, the Motion for Reconsideration Regarding Maritime Warrant of Arrest, and the Motion for Issuance of Maritime Warrant of Arrest, and in consideration of the law, particularly Rules C and E of the Supplemental Rules for Certain Admiralty & Maritime Claims and Local Admiralty Rule 4.1(B), the Court finds that the conditions justifying the issuance of a Warrant of Arrest and Seizure appear to exist.

---

[11] R. Doc. 12 at p. 1.
[12] R. Doc. 12 at p. 2 (citing *U.S. v. One(1) 254 Ft. Freighter, M/V Andoria*, 570 F. Supp. 413, 415 (E.D. La. 1983); *Treasure Salvors, Inc. v. Unidentified Wreck and Abandoned Sailing Vessel*, 640 F.2d 560, 567 (5th Cir. 1981)).
[13] R. Doc. 12.
[14] R. Doc. 6.
[15] R. Doc. 2.

**IT IS FURTHER ORDERED** that the Clerk of Court is authorized to issue a Warrant of Arrest of the vessel M/V LORRAINE G, its engines, tackle, equipment, appurtenances, etc., presently found within this District at 123 Industrial Park Drive, Larose, Louisiana 70373, as prayed for in the Verified Complaint, *In Rem*, and to order that the United States Marshal for the Eastern District of Louisiana arrest and seize the M/V LORRAINE G at its location within this District.

**IT IS FURTHER ORDERED** that a copy of this Order be attached to and served with said Warrant of Arrest.

**IT IS FURTHER ORDERED** that TWS shall release, hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability arising out of the arrest of the M/V LORRAINE G, the movement of the M/V LORRAINE G, or the cargo loading/unloading operations of the M/V LORRAINE G while under arrest.

**IT IS FURTHER ORDERED** that this Arrest and Seizure is not to affect any ongoing loading/offloading of the vessel M/V LORRAINE G or any ongoing repair work of any nature.  Without a separate order, the United States Marshal is authorized to move the vessel under seizure by him within this District in such a manner and at such times as he, acting as a prudent administrator, finds to be necessary to its proper safeguarding and preservation while under seizure.  Further, and without an order of Court, the U.S. Marshal is authorized to permit the moving of vessels anywhere within the area of this District when the party at whose instance

the vessel is detained and its owner, or the owner's attorney, expressly authorize in writing such a movement and agree in writing to hold the U.S. Marshal and all his deputies harmless from any and all liability as a result of any such move.

New Orleans, Louisiana, March 28, 2022.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**